UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *LEROY A. SARGENT,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | *Docket No. 06-122-P-C* |
| | ) | |
| *MICHAEL J. ASTRUE,[1]* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

### *REPORT AND RECOMMENDED DECISION*

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") case appeals from the decision of an administrative law judge not to reopen his earlier application for benefits. The defendant has moved to dismiss the case, alleging that this court lacks jurisdiction over the appeal. I recommend that the court grant the motion to dismiss, and, for that reason, remove the case from tomorrow's oral argument calendar to which it had previously been assigned.

The plaintiff filed an application for SSD and SSI benefits on September 13, 2001, that was denied by an administrative law judge on February 5, 2003. Record at 21. On April 23, 2003, the Appeals Council denied the plaintiff's request for review of that decision. *Id*. The plaintiff took no further action on that application. *Id*. The current application for benefits was filed on February 19, 2003. *Id*. at 20. The administrative law judge in this case awarded the plaintiff benefits effective February 6, 2003. *Id*. at 27. He also held that the decision denying the previous claim "is final and

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted new Commissioner of Social Security Michael J. Astrue as the defendant in
(*continued on next page*)

1

binding, and the claimant has failed to establish good cause to reopen the denials of those applications." *Id*. at 26. The plaintiff asked the Appeals Council to review this portion of the decision, *id*. at 704, and the Appeals Council declined to do so, advising the plaintiff: "Under our rules, you do not have the right to court review of the Administrative Law Judge's denial of your request for reopening," *id*. at 12. The plaintiff nonetheless filed this action seeking review of the denial of his request for reopening.

In *Califano v. Sanders*, 430 U.S. 99 (1977), the Supreme Court held that, under 42 U.S.C. § 405(g), judicial review of the commissioner's decisions is limited to a final decision made after a hearing and, because a petition to reopen a prior final decision may be denied without a hearing, the federal courts do not have subject-matter jurisdiction to review such a denial. *Id*. at 108-09. *See also* 20 C.F.R. §§ 404.903(*l*), 416.1403(a)(5). Denial of a request to reopen a claim for benefits generally is not subject to judicial review absent a colorable constitutional claim. *Torres v. Secretary of Health & Human Servs*., 845 F.2d 1136, 1138 (1st Cir. 1988). The plaintiff makes no constitutional claim here. Rather, he contends that an exception to the reopening rule adopted by the Ninth Circuit in *Lester v. Chater*, 69 F.3d 1453, 1460 n.3 (9th Cir. 1995), applies in this case: where the commissioner considers on the merits the question of a claimant's disability during the already-adjudicated period, there is a *de facto* reopening of the earlier application which bestows jurisdiction on the federal courts to review that decision. Plaintiff's Itemized Statement of Errors (Docket No. 8) at 1-2. Not surprisingly, the commissioner takes the position that no *de facto* reopening occurred in this case. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion") (Docket No. 11) at 5-7.

---

this matter.

As the commissioner points out, *id*. at 5, "[a] prior disability claim is not deemed to have been reconsidered on the merits merely because the evidence reviewed by the ALJ included evidence of the claimant's condition at the time of the previous application," *Girard v. Chater,* 918 F. Supp. 42, 44 (D.R.I. 1996), as happened here, Record at 21-23.  *See also McGowen v. Harris*, 666 F.2d 60, 67-68 (4th Cir. 1981).

> Similarly, a claim is not deemed to have been reconsidered on the merits solely because the ALJ reviewed new evidence of the claimant's condition at the time of the previously denied application.  Such review may be necessary to determine whether there is "good cause" to reopen [under 20 C.F.R. §§ 404.988 and 416.1488].

*Girard*, 918 F. Supp. at 45.  The plaintiff contends that the administrative law judge in this case went beyond such a review because (i) his discussion of the request to reopen occupies two pages and part of a third in an eight-page opinion ("devot[ing] almost half to his discussion of the prior claim," Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Opposition") (Docket No. 15) at 3-4)), (ii) he mentions the plaintiff's 1993 back injury and the testimony at the hearing about events preceding the time period of the current claim, *id*. at 4, and (iii) he made a determination on the merits by stating that the new evidence was consistent with the evidence previously submitted and did not suggest that the earlier decision was erroneous, *id*.  None of these arguments is persuasive.

The length of an administrative law judge's written consideration of a request to reopen an application for benefits cannot determine whether a *de facto* reopening has occurred, whether that length is considered by itself or in comparison to the length of the discussion of a more recent application that may have been considered at the same time.  As the case law almost uniformly suggests,[2] it is the substance of the opinion rather than its length that matters.  The plaintiff gains nothing from this argument.

---

[2] The defendant, Motion at 6, interprets a decision of the Tenth Circuit to hold that anything more than a simple concise statement by
(*continued on next page*)

The fact that the administrative law judge mentions, in his discussion of the plaintiff's current application, that "older evidence reflects the claimant's 1994-98 treatment by Dr. Pavlak for a December 1993 back injury," Record at 23, is similarly unhelpful to the plaintiff's argument. That statement is clearly made by the administrative law judge by way of background; it is made in the second paragraph of his discussion of the current application and is relevant only to the finding that the plaintiff suffered from "chronic, severe back pain" at the time relevant to the current application. *Id.* at 26. The same is true of the administrative law judge's mention of "the claimant's testimony that his mental issues began after his 1993 injury." Opposition at 4. The opinion merely notes that "[t]he claimant testified that he had no mental symptoms prior to his 1993 back injury." Record at 24. Review of evidence that might already have been in the case record in connection with an earlier application in connection with a subsequent application is entirely appropriate; such review does not constitute a reopening of the earlier application. *Girard*, 918 F. Supp. at 44-45. An "ALJ is entitled to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history to determine whether the claimant was disabled at the time of his second application" without thereby causing a *de facto* reopening of an earlier application. *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 193 (1st Cir. 1987). The same is true of the administrative law judge's noting of "Dr. Nevens' comments of 2002 (R. 25)." Opposition at 4. The administrative law judge's conclusion that "it is noted that the prior hearing decision found the claimant limited to sedentary work exertionally, and the current evidence does not show significant improvement," Record at 25, is also offered by the plaintiff as evidence of *de facto* reopening, Opposition at 4, but that statement is not a redetermination of the prior application on the merits.

---

an administrative law judge that he or she declines to reopen constitutes a *de facto* reopening. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). That view represents too narrow a reading of that opinion.

4

Rather, it is an adoption or acceptance of the conclusion reached on the merits in the prior proceeding. This is a critical distinction.

The plaintiff also offers the fact that the administrative law judge "mentions . . . the testimony of his witness, Ms. Brennan, his landlady . . . that she had known Mr. Sargent since 2001 and that he has never been able to work since she has known him" as evidence of a *de facto* reopening. *Id*. Other than those two statements, the administrative law judge's entire recitation of Ms. Brennan's testimony refers to her daily observations of the plaintiff since March 2004. Record at 24. The two statements cited by the plaintiff give an historical context to the testimony and do not in any way suggest that the administrative law judge was in fact evaluating the plaintiff's earlier application on its merits. This was, after all, what the witness said, not what the administrative law judge did with that testimony.

Finally, the administrative law judge's statement that "what little evidence that may actually be 'new' is not inconsistent with the prior record and does not suggest that the prior decision was erroneous in any way," *id*. at 23, merely records the conclusion that he was required to reach in considering the plaintiff's request to reopen the prior application. 20 C.F.R. §§ 404.988 & 404.989, 416.1488 & 404.1489 (describing "good cause" to reopen a determination in relevant part as the presentation of new and material evidence or that the evidence that was considered in connection with the original determination or the original decision itself on its face clearly shows that an error was made). If the use of this language were deemed to make a denial of a request to reopen into a *de facto* reopening, it would as a practical matter be virtually impossible to deny a request to reopen.

On the showing made, I conclude that this court lacks subject-matter jurisdiction over the plaintiff's appeal and accordingly recommend that the commissioner's motion to dismiss be **GRANTED**.[3]

---

[3] In his itemized statement, the plaintiff argues that "there is nothing to suggest that [the impairments found to be disabling by the
(*continued on next page*)

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 21st day of March, 2007.

<u>/s/ David M. Cohen</u>
David M. Cohen
United States Magistrate Judge

---

administrative law judge in connection with the current application] were not shown to be disabling at any time prior to February 6, 2003" and that since the administrative law judge in this case came to the opposite result from that reached in the earlier case, he necessarily must have determined that the decision in the earlier case was wrong on the merits. Itemized Statement at 2-3. As discussed in the body of this recommended decision, the test for the presence of a *de facto* reopening is not whether the current decision may be reconciled with the decision on the merits in the earlier case or whether the impairments found to be disabling in the current case were shown not to have been disabling at the time of the determination of the earlier case. The latter test would make the exception to the reopening rule into the rule. In addition, the administrative law judge in the current case noted that "[t]he testimony of the claimant . . . and of Ms. Brennan[] persuasively demonstrated that the claimant's mental status has deteriorated significantly since his current applications were filed." Record at 25. The administrative law judge found that the plaintiff's severe impairments included "severe depression and anxiety." *Id*. at 26. The plaintiff's suggestion that the record shows that nothing had changed since his earlier application is incorrect.